UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-310-KSF

CAMERON K. NOLAN                                                                                           PLAINTIFF

v.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                             DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Cameron K. Nolan, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income based on disability ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by the proper legal standards.

**I.      OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

    (1)      If the claimant is currently engaged in substantial gainful activity, he is not disabled.

    (2)      If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

    (3)      If the claimant is not doing substantial gainful activity and is suffering from

> a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4)   If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5)   Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**II.     THE ADMINISTRATIVE DECISION**

In this case, the ALJ conducted a hearing on August 4, 2004, and issued her opinion denying Nolan's application for SSI benefits on January 3, 2005. [TR 11] At the time of the ALJ's decision, Nolan was 53 years old. [TR 14] He has a high school education and previous work experience as a roof bolter in coal mines, park maintenance worker, reclamation worker, beltman in coal mines and a custodian. [TR 14] He claims that he became disabled on February 6, 2002, from a combination of severe impairments including back and neck pain, arthritis and depression. [TR 15]

The ALJ began her analysis at step one of the sequential evaluation process by determining that Nolan was not engaged in any substantial gainful employment since the onset of his alleged impairments. Although the ALJ did find that Nolan had severe impairments related to shortness of breath (no definitive diagnosis), degenerative disc disease, hypertension and a depressive disorder, she determined that these severe impairments do not meet or medically equal a listed impairment contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ did, however, find that Nolan had the residual functional capacity ("RFC") to perform a significant range of light exertional work with no more than occasional climbing, bending and crouching; a sit-stand option at lease every 15 to 30 minutes. Nolan must avoid work hazards and exposure to dust, fumes, smoke, chemicals and noxious gases. Further, the ALJ found that Nolan has limitations based on his mental impairments but retains the limited but satisfactory ability to: follow work rules, relate to co-workers, use

3

judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, understand, remember and carry out complex and detailed instructions, behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability, and that Nolan has seriously limited but not precluded ability to deal with the public. [TR 19]

Inasmuch as Nolan has no past relevant work, the burden then shifted to the Commissioner to show that other work exists in the national economy that he could perform. The Commissioner met this burden through the testimony of a vocational expert who testified at the hearing that Nolan could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors. [TR 21] The ALJ's decision that Nolan is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on July 10, 2007. [TR 5] This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### III. ANALYSIS

On appeal, Nolan argues that the ALJ's decision is not supported by substantial evidence. Initially, Nolan argues that "there is not substantial evidence in the record taken as a whole to support the [ALJ's] decision that [Nolan] has the RFC to perform a significant range of light work which is reduced by additional nonexertional limitations." [Pl. Brief 11] While the court agrees that the medical evidence shows that Nolan has been diagnosed with various physical and psychological impairments, not one of the physicians opined that Nolan was unable to perform light work as restricted by the ALJ; rather, the medical evidence, including the opinions of Nolan's treating physician, supports the finding that Nolan can perform light work as restricted in the ALJ's decision. As the ALJ noted, the record is devoid of opinions from treating or examining physicians indicating

4

that Nolan is totally disabled or has restrictions greater than those determined by the ALJ.

Nolan's treating physician, Dr. Ronald S. Dubin, opined that Nolan cannot perform moderate to heavy repetitive bending, stooping, lifting or crawling and lifting of no more than 25-30 pounds. [TR 148]  Dr. Natali Balog, a consultative examiner, determined that Nolan had no significant restriction for handling objects or reaching and had moderate to severe restriction for stooping, bending, sitting or standing for prolonged periods of time, moving about, lifting or carrying objects. Dr. Monte E. Martin, who also performed a consultative examination, determined that Nolan could occasionally lift 21-50 pounds with no more than occasional bending, crawling and climbing, must avoid hazards and requires a sit-stand option.   [TR 225-26]  Further, state agency reviewing physicians, Dr. J.E. Baez-Garcia and Kenneth S. Phillips reviewed the medical records and determined that Nolan is capable of light work. [TR 200, 206].

With regard to mental impairments, Dr. Gary Maryman evaluated Nolan and determined that Nolan has a limited but satisfactory ability to function in most work related areas.  He determined that Nolan was able to understand, remember and carry out complex job instructions and was not significantly impaired in his ability to maintain personal appearance, behave in an emotionally stable manner, related predictably in social situations and demonstrate reliability. [TR 233] All of the restrictions related to Nolan's mental impairments are included in the RFC determined by the ALJ and are consistent with the records from the Cumberland River Comprehensive Care Center.

The ALJ is entitled to accept the opinions of the state agency medical experts where a contrary medical opinion is not supported by objective medical evidence.  *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 686 (6th Cir. 1992).  The regulations specifically provide that "state agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social

Security disability evaluation." 20 C.F.R. § 416.927(f)(2)(I). Here, the ALJ relied on the opinions of the consultative examiners, state agency medical experts and treating physician, all of which support the ALJ's determination that Nolan is able to perform light exertional work.

Nolan also seems to argue that the ALJ did not adequately consider his subjective complaints of pain with his statement that he testified during the hearing that he could not work due to back pain, neck pain, arthritis and depression. When evaluating subjective allegations of pain, the Sixth Circuit has held that the claimant must show the following:

> evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986). A claimant's subjective statements about symptoms alone will not establish disability. *See* 20 C.F.R. § 416.929(a)(2007). Rather, medical signs and laboratory findings must be present that show a medical impairment(s) that could reasonably be expected to produce the symptoms alleged. The intensity, persistence and limiting effects of the symptoms will be evaluated based on all the evidence. 20 C.F.R. § 416.929(c)(2007).

As set forth above, the ALJ relied on the medical records of Nolan's treating physician and multiple consultative examiners and his statements are not entirely compatible with the medical professionals' opinions. Certainly, there is substantial evidence in the record to support the ALJ's finding that Nolan's complaints are not entirely credible.

Further, in rejecting Nolan's subjective complaints, the ALJ considered the fact that Nolan is able to prepare simple meals, care for his personal needs such as bathing, shaving and dressing, goes shopping and visits with friends. [TR 16] The daily activities of the claimant are a proper factor

for the ALJ to consider in making a decision on credibility.  20 C.F.R. § 929(c)(3); *see Walters v. Commissioner*, 127 F.3d 525, 532 (6th Cir. 1997)(the ALJ can "consider household and social activities engaged in by the claimant in evaluating a claimant's assertion of pain or ailments").  The ALJ's opinion reflects the fact that Nolan's subjective complaints of disabling impairments were thoroughly considered, but rejected based on the record as a whole.

Because substantial evidence supports the ALJ's decision, the decision of the Commissioner will be affirmed.

**III.    CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1)    the plaintiff's motion for summary judgment [DE #6] is DENIED;

(2)    the Commissioner's motion for summary judgment [DE # 7] is GRANTED;

(3)    the decision of the Commissioner is AFFIRMED pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)    a judgment will be entered contemporaneously with this Opinion and Order.

This the 16th day of June, 2008.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**